**Sanjay GUPTA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–71652.**
**Agency No. A70–775–845.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2003.*

Decided Oct. 22, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*   Fed. R.App. P. 34(a)(2).

Carl Shusterman, Esq., The Law Offices of Carl Shusterman, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA; Los Angeles District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA; Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA; Anthony P. Nicastro, Esq., Office of Immigration Litigation, Ben Franklin Station—Civil Division and David V. Bernal, Attorney, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before WARDLAW, BERZON, and CLIFTON, Circuit Judges.

### MEMORANDUM **

Sanjay Gupta, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance without opinion of an Immigration Judge's ("IJ") denial of his applications for asylum and withholding of deportation. We have jurisdiction under 8 U.S.C. § 1105a(a). *See Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). We grant the petition for review and remand.

The IJ made an adverse credibility finding against Gupta. While "we accord substantial deference to an IJ's credibility finding[,] ... [w]hen the IJ provides spe-

cific reasons for the questioning of a witness's credibility, this court may evaluate those reasons to determine whether they are valid grounds upon which to base a finding that the applicant is not credible." *Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 658 (9th Cir.2003) (quotation marks and citation omitted). We conclude that none of the grounds cited by the IJ to support his adverse credibility finding is valid.

■ First, nothing in the record supports the IJ's finding of an inconsistency between Gupta's testimony concerning his All India Sikh Student Federation ("AISSF") membership to support Sikh rights and his Hindu faith. The conjunction of Gupta's roles clearly surprised the IJ but conjecture and speculation cannot replace substantial evidence. *See Lopez–Reyes v. INS*, 79 F.3d 908, 912 (9th Cir. 1996) (IJ's "astonishment" regarding aspects of petitioner's testimony was "conjecture" that could not "substitute for substantial evidence").

■ Second, Gupta's "lack of knowledge" of the AISSF is not a sufficient ground for an adverse credibility finding. "Inconsistencies in the petitioner's statements must go to the heart of [his] asylum claim to justify an adverse credibility finding." *Singh v. Ashcroft*, 301 F.3d 1109, 1111 (9th Cir.2002) (quotation marks and citation omitted). The "heart" of Gupta's claim is that as a university student he joined the AISSF because he believed in equal rights for Sikhs and was subsequently persecuted based on his affiliation. Nothing in the record suggests that Gupta's lack of knowledge of the AISSF's links to a political party or of the group's factions is relevant to his detailed description of multiple detentions, beatings, and

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

threatened death at the hands of the Indian police during and after AISSF activities. There is nothing incredible about a political foot soldier's lack of awareness of his cause's organizational details.[1]

■ Third, the IJ mentioned inconsistencies between Gupta's testimony and his asylum application. The only inconsistency identified in the IJ's decision is that Gupta "complained that in India, the government of his country treated Sikhs badly, although they treated the lower castes of Hindu society rather well.... [In his asylum application, Gupta] complained that the lower castes of Indian society were not treated well at all." Read in context, Gupta's statements are not irreconcilable. *Cf. Shah v. INS*, 220 F.3d 1062, 1068 (9th Cir.2000) (stating that if discrepancies cannot be viewed as attempts by the asylum applicant to enhance his or her claims of persecution, they have no bearing on credibility).

■ Finally, the IJ faulted Gupta for a "lack of supporting documentation." In general, where a petitioner's "allegations are otherwise unrefuted and credible, the IJ may not require corroboration of claims." *Gui v. INS*, 280 F.3d 1217, 1227 (9th Cir.2002). We have, however, held that "where the IJ has reason to question the applicant's credibility, and the applicant fails to produce non-duplicative, material, easily available corroborating evidence

and provides no credible explanation for such failure, an adverse credibility finding will withstand appellate review." *Sidhu v. INS*, 220 F.3d 1085, 1092 (9th Cir.2000). Because of our conclusion that the IJ had no independent reason to question Gupta's credibility, this factor does not support the adverse credibility finding. Moreover, the IJ interrupted Gupta's testimony on this point, thereby failing to allow Gupta to clarify his answer, offered in broken English. Gupta was therefore not accorded an adequate opportunity to explain the absence of documentation which may not have been "easily available." *See id.* at 1091 ("The petitioner must be given an opportunity at his IJ hearing to explain his failure to produce material corroborating evidence.").

In sum, a reasonable adjudicator would be compelled to conclude that the factual findings underlying the IJ's adverse credibility determination were not supported by substantial evidence. *See He v. Ashcroft*, 328 F.3d 593, 595 (9th Cir.2003). As the IJ denied Gupta's applications based on an adverse credibility finding, rather than reaching the merits, we remand this matter to the BIA for further proceedings, accepting Gupta's testimony as credible, to determine his eligibility for asylum and withholding of deportation. *See id.* at 603–04.[2]

1. We find several portions of the transcript troubling as they reflect an impatient and inappropriately curt tone on the part of the IJ. For example, with respect to the AISSF's organization, the IJ asked Gupta: "By the way, sir, which faction of the student federation were you a member of?" Gupta answered, "I'm sorry, sir?" The IJ repeated the question: "Can you name the factions of the All India Sikh Student Federation? The factions." Gupta said: "Well, I don't understand what you mean by factions." The IJ replied: "Really? That sort of answers my question. Go ahead counsel."

2. We recognize that the IJ found that Gupta's "failure to demonstrate that he was unable to relocate safely within his native country also undermines his applications for asylum and withholding of deportation." It is not necessary for us now to evaluate whether this conclusion is erroneous. We note, however, that should Gupta's credible testimony establish past persecution, the burden would shift to the government to demonstrate that internal relocation was possible. *See* 8 C.F.R. § 1208.13(b)(3)(ii).

PETITION GRANTED AND RE-MANDED.